UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 24-cr-518-2 (DLF) |
| | : | |
| CHRISTOPHER MCCRAE, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that Defendant Christopher McCrae ("Defendant") be detained pending trial.

The Defendant was indicted on June 10, 2025 in a superseding indictment with one count of conspiracy to manufacture, distribute and possess with intent to distribute 280 grams or more of cocaine base, 40 grams or more of fentanyl, and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846; one count of possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of possession with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); for offenses that occurred in Washington, D.C. on November 19, 2024. The defendant was arrested on August 8, 2025, and appeared for his initial appearance on August 11, 2025.

The Government now moves for the Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)). By virtue of the offenses

alleged against the Defendant, there is a rebuttable presumption that no conditions or combinations of conditions can effectively ensure the Defendant's appearance in this case and otherwise protect the community, pursuant to 18 U.S.C. §§ 3142(e)(3)(A).

Pursuant to the facts, circumstances, and authorities presented herein (and at the detention hearing to be held in this case), the Government respectfully submits that the Defendant should be detained pending trial.

## FACTUAL BACKGROUND

**A.   Investigative Background/Overview**

Since February 2024 through the date of the Defendant's arrest, law enforcement has executed numerous search warrants on stash houses associated with the Defendant and his associates.  On each and every search, law enforcement recovered significant amounts of narcotics and firearms. As outlined below, the Defendant has consistently participated in the distribution of narcotics from stash houses with numerous loaded firearms.

**B.  The Charged Conduct**

On November 19, 2024, law enforcement executed a residential search warrant at 4025 South Capitol Street SW, Apartment 230, Washington, D.C., an apartment leased by the defendant's co-conspirator, Devontino Yant. When agents approached the door to Apartment 230, the defendant exited the apartment and was stopped in the hallway.  Inside the apartment, officers found crack cocaine cooking on the stove, and a total amount of approximately 1,145 grams of crack cocaine located throughout the apartment.  Later lab testing confirmed approximately 51.27 grams of fentanyl, 302.41 grams of cocaine base, and 565.45 grams of cocaine.  Much of the cocaine base was still cooking on the stove.  A total of five firearms were recovered in the apartment.  Three were located in the kitchen of the apartment: an AR pistol

holding 11 rounds of ammunition with one in the chamber; a Glock 19 with 14 rounds and one in the chamber; a Glock 19 with 15 rounds of ammunition. One firearm was located on the couch in the living room: one Glock 30 with 10 rounds of ammunition and one round in the chamber. The ammunition appeared to be armor piercing rounds. The last firearm was located in the bedroom of the residence: Glock 26 with an extended magazine holding 31 rounds of ammunition and 1 round in the chamber. This firearm was also equipped with a converter switch. There was a total of $52,787 throughout the apartment, nine digital scales, and approximately 190 rounds of ammunition.

Below are photos taken during the execution of the search warrant on November 19, 2024, showing the five firearms, large amounts of drugs, and crack cocaine that was still cooking on the stove when agents entered.



Firearms recovered from the apartment



Narcotics and U.S. currency recovered from the apartment











### C. Evidence of Narcotics Trafficking

On February 28, 2024, officers with HSI and MPD executed a Superior Court search warrant (2024CSWSLD000775) at 108 Atlantic Street SE, Apt 101, Washington, D.C. The

6

warrant was issued based on a purchase of narcotics from the unit. On February 28, 2024, six individuals were inside the apartment including the Defendant and his co-conspirator, Yant. Officers recovered approximately 104 grams of crack cocaine (field tested), 26 capsules of suspected synthetic cathinone, approximately 6 grams of suspected marijuana, 6 vials of suspected PCP, numerous digital scales with white powdery residue, empty packaging material, approximately 268 grams of non-narcotic cutting agent, and $3,042 in U.S. currency located throughout the apartment.




In addition to the drugs, officers recovered five firearms scattered throughout the apartment. Four of the five firearms were loaded with ammunition. The Defendant also had $400 in U.S. currency on his person.

7



On June 6, 2024, law enforcement officers from MPD once again executed a search warrant at the same address, 108 Atlantic St SE, Apt 101, Washington D.C. When officers arrived at the apartment they observed multiple individuals in the hallway, directly in front of an open door to apartment 101. Officers also observed a bottle of promethazine-codeine, crack cocaine, and loose currency in plain view. Through the open doorway, there were more crack cocaine, a digital scale, and more loose U.S. currency. There were four individuals including the defendant, his co-conspirator (Yant), and Deshawn Loggins (who has a pending case in U.S. District Court 24-cr-505 for similar charges).

During a search of the apartment inside, law enforcement discovered the following items (1) 12 white containers of suspected marijuana, (2) 6 digital scales with white powder residue, (3) approximately 8 grams of suspected cocaine, (4) approximately 83 grams of suspected crack cocaine, (5) 5 small bags of suspected crack cocaine, (6) 29 suspected olanzapine pills in a bottle, (7) 1 sealed box of Suboxone, (8) 44 suspected Adderall pills in a bottle, and (9)

Springfield Armory, .45 caliber pistol. This firearm that was laying on the couch in the living room was loaded with a magazine containing thirteen rounds of .45 ammunition with one round in the chamber.



Following the search warrant at 4025 South Capitol Street SW, Apartment 230, multiple phones were seized and searched pursuant to U.S. District Court search warrant 24-sw-388 issued on December 6, 2024.  A search of Defendant McCrae's phone further revealed the defendant's participation and role in this conspiracy.

For instance, on August 27, 2024, McCrae filmed from his cell phone a drug customer coming to Apartment 230 and walking out with a bag of apparent crack cocaine.  The defendant's phone documents his continued participation in the conspiracy as evidenced by a video he created on September 1, 2024 from inside the apartment with his co-conspirator asleep next to loose U.S. currency and white powdery substance.  On September 18, 2024, McCrae films himself confronting a visibly high drug customer in the hallway and slapping her across the face stating "get the f*ck out of the hallway" as if to preempt unwanted attention brought by customers visibly under the influence loitering in the hallway outside their operation.

9

## PROCEDURAL HISTORY

The Defendant was indicted on June 10, 2025 in a superseding indictment with one count of conspiracy to manufacture, distribute and possess with intent to distribute 280 grams or more of cocaine base, 40 grams or more of fentanyl, and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846; one count of possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of possession with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); for offenses that occurred in Washington, D.C. on November 19, 2024.

On August 8, 2025, Defendant was stopped by MPD in a traffic stop and arrested pursuant to his arrest warrant. He had approximately $4000 of cash on his person at the time of his arrest. On August 11, 2025, the Defendant made his initial appearance before the Honorable Moxila A. Upadhyaya who set a detention hearing for August 14, 2025, pursuant to the Government's request for detention under 18 U.S.C. §§ 3142(f)(1)(C).

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption that no conditions nor combinations of conditions can effectively ensure the Defendant's appearance in this case and otherwise protect the community. Accordingly, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" the predicate offense. 18 U.S.C. § 3142(e)(3). The indictment, standing alone, constitutes probable cause that the person charged committed the offenses charged and is "enough to raise the rebuttable presumption that no

condition would reasonably assure the safety of the community." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996); *accord United States v. Williams*, 903 F.2d 844, 844 (D.C. Cir. 1990).

As the D.C. Circuit has explained, "the presumption operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985). But even if the burden of production is met, the presumption "does not disappear entirely," but rather "remains a factor to be considered among those weighed by the district court." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). The Government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight – even where it is presumed that those standards are satisfied.

In considering whether there are conditions of release which will reasonably assure the safety of any other person and the community, and the appearance of the Defendant as required, the Court should consider and weigh the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

## ARGUMENT

In consideration of these factors, the Government respectfully submits that there is no condition, or combination of conditions, that would assure the safety of the community and the Defendant's appearance at future proceedings.

I. **Nature and Circumstances of the Offenses Charged**

The nature and circumstances of the offenses charged weigh in favor of detention. The charged offense for the Defendant's participation in large-scale manufacturing of cocaine base and drug trafficking is enough to warrant detention. As an active participant in the conspiracy, the defendant has been present at the searches of both stash houses—108 Atlantic Street SE and 4025 South Capitol Street SW—where significant amount of narcotics and firearms have been recovered each time. In February, the Defendant was found in joint constructive possession of roughly 100 grams of crack cocaine, over $3000, 6 vials of PCP, numerous digital scales, and five firearms inside the stash house at 108 Atlantic Street SE. In June, he was found outside the stash house while roughly 90 grams of crack cocaine and a gun were found inside. Finally, in November, after the coconspirators moved their operation to the South Capitol location, McCrae again was found inside with over one kilogram of cocaine base or cocaine and freshly manufactured crack cocaine drying on the stove. Like before, the large quantity of drugs was protected by numerous firearms scattered throughout the apartment.

## II.     Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, is incredibly strong—and also favors detention. The sheer quantity of recovered drugs is highly indicative of drug trafficking. Beyond that, there is also direct evidence of actual narcotic sales as seen on McCrae's phone where he filmed customers coming to the apartment to buy drugs. While the defendant is not (yet) charged with gun possession, his active participation in drug dealing while firearms are accessible and out in the open suggest his knowledge and understanding of the purpose of the loaded firearms—to use when necessary to protect the drugs or proceeds.

## III.    Defendant's History and Characteristics

The third factor, the history and characteristics of the defendant, similarly weighs in favor of detention. This Court considers, among other factors, "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history." *United States v. Taylor*, 289 F. Supp. 3d 55, 69 (D.D.C. 2018). This Court in considering pretrial detention "may also consider prior arrests or charges brought against a defendant, even when those actions did not result in convictions." *See id.* at 70.

The defendant's criminal history confirms a pattern of drug dealing. In June 2022, he was sentenced to 20 months suspended following a conviction for possession with intent to distribute cocaine—same drug as the instant case—in D.C. Superior Court case number 2019 CF2 10875. In that case, on August 20, 2019, McCrae and other were arrested following a traffic stop of a vehicle containing drugs and drug paraphernalia. A search incident to arrest of McCrae yielded approximately 15 grams of cocaine on his person. The defendant's second conviction stems from a 2021 conviction in Arlington County for conspiracy to manufacture or possess with intent to manufacture a controlled substance for conduct occurring in February 2019. The defendant received a 5 years suspended sentence and according to the PSR [ECF 32], the defendant was still on probation in that case through July 14, 2025. In other words, he was still on probation while he committed the offenses charged in the instant case. The defendant's third and final conviction is also for drug offenses. In June 2018, he was sentenced to 12 months suspended sentence in D.C. Superior Court case 2017 CF2 11296 for attempted possession with intent to distribute cocaine for conduct occurring in June 2017. In that case, on June 30, 2017, McCrae was present in an apartment with 51 grams of cocaine base on his person. A firearm was also present in the apartment.

13

Besides these three drug convictions, the defendant has also been arrested for similar offenses. On August 8, 2019, he was present during a search warrant and officers found 32 grams of crack cocaine on his person. Like before, there was a firearm at this residence as well. This case was charged in D.C. Superior Court 2019 CF2 10440 but dismissed as part of the plea agreement in his plea of guilty in 2019 CF2 10875, discussed above.

The defendant's history makes clear that the defendant has continuously engaged in drug trafficking, particularly of cocaine, since 2017 and has done so undeterred despite his three convictions and four arrests for drug offenses. Though the government lacks additional evidence of drug trafficking by the defendant since November 2024, at the time of the defendant's arrest last week, he had approximately $4,000 on his person, suggesting ongoing drug trafficking activities.

## IV.     Danger to the Community

Finally, the nature and seriousness of the danger to any person or the community posed by Defendant's release are grave. The Defendant is a repeat narcotics trafficker. Just within the last year alone, he has been part of large recoveries from stash houses he frequented. In selling drugs, he and his conspirators were armed with firearms, inherently increasing the dangerousness of their illegal activities. His repeated actions demonstrate that he cannot be deterred. He is not deterred by his prior *three* felony conviction for distributing drugs, nor is he deterred by the numerous searches where law enforcement repeatedly seized drugs and guns. After the first stash house was searched repeatedly in a few months, instead of abandoning his criminal activity, he and his coconspirators moved to a different location to continue the same operation. The Defendant is unwilling or unable to stop selling drugs.

Given the above assessment of all four relevant factors, no condition, or combination of conditions, can ensure the safety of the community or ensure that the defendant will comply with court orders and abide by appropriate release conditions.

## **CONCLUSION**

The Government respectfully requests that the Court grant the Government's motion to detain Defendant Christopher McCrae pending trial in this case.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Iris McCranie*
Iris McCranie
N.Y. Bar 5011234
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
202-252-7828
Iris.mccranie@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, a copy of the foregoing was submitted via CM/ECF, which will transmit to counsel of record to Defendant Christopher McCrae.

                                                    */s/ Iris McCranie*
                                                    Iris McCranie
                                                    N.Y. Bar 5011234
                                                    Assistant United States Attorney
                                                    601 D Street, NW
                                                    Washington, D.C. 20530
                                                    202-252-7828
                                                    Iris.mccranie@usdoj.gov